UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Artur Zawada,

    Plaintiff,                                      Case No. -

                                                      District Judge

v.

Police Officer Patrick Hogan, Sergeant Gary Harpe,
and Sergeant Megan Paul in their Individual and
official capacities, And, Hamburg Township, a
municipality,
      Jointly and severally,
          Defendants.
_____/

**TYRON S. RUCKER (P61867)**
Attorney for Plaintiff
28145 Greenfield Road, Suite 100
Southfield, MI 48076
(248) 569-9213
lawman0000@att.net

**COMPLAINT and JURY DEMAND**

**NOW COMES** the Plaintiff, by and through his attorneys, and for his complaint against the defendants say as follows:

**PARTIES**

1. At all pertinent times, Plaintiff was a resident of Washtenaw County, and a citizen of the State of Michigan.

2. Defendants Sgt. Gary Harpe, Sgt. Megan Paul, Police Officer Sean Patrick Hogan (hereafter Individual Defendants), Township of Hamburg (hereafter ) were citizens of the State of Michigan, and at all pertinent times worked and were employed as police officers in Hamburg Township in Livingston County.

**JURISDICTION and VENUE**

3. Individual Defendants were at all pertinent times employed as police officers and were, at all times pertinent, acting under color of state law and pursuant to customs, policies and practices of their department.

4. The Plaintiff brings this action under the laws of the State of Michigan, and the United States.

5. The actions giving rise to this complaint arose entirely within Livingston and Washtenaw County, Michigan on or about December, 19, 2017 and January 30, 2018.

6. The amount in controversy exceeds Seventy-five Thousand Dollars ($75,000).

## **FACTUAL ALLEGATIONS**

7. On or before December 19, 2017, while on duty Individual Defendants from Hamburg Township in Livingston County went to Plaintiff's residence in Washtenaw County.

8. Individual Defendants were not accompanied with the Michigan State Police, Washtenaw Sheriff Department, or Ann Arbor Police Department when they approached and entered Plaintiff's property and residence, which was outside of Defendant's jurisdiction.

9. Individual Defendants began interrogating Plaintiff about a matter that occurred in their jurisdiction in Hamburg Township, Livingston County, not in Ann Arbor, Washtenaw County at Plaintiff's residence where they were interrogating Plaintiff.

10. Then Individual Defendants without legal authority attempted to unlawfully arrest and take Plaintiff into custody without his consent.

11. Plaintiff objected to Individual Defendants' unlawful arrest, which resulted in Defendants violently throwing Plaintiff to the ground in his living room.

12. Individual Defendants then dragged Plaintiff out of his home just wearing his pajamas and t-shirt and no shoes.

13. Individual Defendants then unlawfully conveyed Plaintiff back to Hamburg Township Police Department and later to Livingston County Jail.

14. Plaintiff's wrists, back, and shoulders remained in pain while being handcuffed, and left bruising on Plaintiff's wrist, Plaintiff made numerous complaints about the handcuffs being too tight, but Defendants ignored the complaints.

15. Individual Defendants then prepared a written report on December 19, 2017 regarding the unlawful arrest and detention of Plaintiff, which was reviewed and approved by Defendant Sergeant Meagan Paul of the Hamburg Township Police Department.

16. Defendant Sergeant Meagan Paul, despite having full knowledge of the unlawful arrest and seizure of Plaintiff, allowed for the continued unlawful detainment in the Livingston County Jail.

17. On January 30, 2018 Defendants arrested Plaintiff on 2 felony counts of Police Officer – Assaulting / Resisting / Obstructing in violation of MCL 750.81d (1), in connection with Defendant Hamburg Township Police Officers Hogan and Sgt. Harpe's unlawful arrest of Plaintiff on December 19, 2017.

18. Plaintiff was conveyed to Washtenaw County Jail, where Plaintiff had to spend the night of January 30, 2018 in jail on baseless charges made by Defendant police officer and sergeant.

19. On May 7, 2018 in the 15th Dist. Ct. Case # 18F5-5512 the Complaint against Plaintiff for Assaulting Police was dismissed with prejudice.

4

20. The conduct of the Individual Police Defendants:

   a. Assaulted and used excessive force against Plaintiff;

   b. Battered and used excessive force against Plaintiff;

   c. Failed to provide protection for Plaintiff when he was in a helpless condition;

   d. Made Plaintiff's condition worse after taking him into their custody and control;

   e. Failed to properly supervise other officers;

   f. Failed to properly assure the safety of Plaintiff when he was in their care;

   g. Intentionally caused serious emotional distress;

   h. Discontinued their aid or protection, and by so doing left Plaintiff in a worse position than when the Defendants took charge of him. Rest. 2nd Torts §324;

   i. Undertook to render services to Plaintiff which it should have recognized as necessary for the protection of Plaintiff's person, and failed to exercise reasonable care to perform that undertaking, and, their failure to exercise such care increased the risk of such harm. Rest.2nd Torts § 323, §324A.

   j. Wrongfully handcuffed, detained and/or arrested Plaintiff.

21. As a direct and proximate result of the Defendants' conduct, the Plaintiff suffered injuries and damages including, but no limited to:

   a. Pain and suffering, physical injury;

    b.    Fear, anxiety, humiliation; and shame;

    c.    Loss of society and companionship;

    d.    Serious emotional distress;

    e.    Economic damages, past and future;

    e.    Cost of past and future medical.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants for whatever amount a jury shall determine together with interests, costs, and attorney fees.

## COUNT I
## GROSS NEGLIGENCE

22.    Plaintiff re-alleges all prior paragraphs.

23.    Defendants owed Plaintiff a duty of care, including but not limited to a:

    a. Duty to provide protection for Plaintiff when he was in a helpless condition;

    b. Duty not to make Plaintiff's condition worse after taking him into their custody and control;

    c. Duty to properly supervise and/or stop other officers who were violating Plaintiff's rights;

    d. Duty to properly assure the safety of Plaintiff when he was in their care; including but not limited to assuring proper application of handcuffs that didn't cause physical injury;

  e. Duty not to discontinue their aid or protection, and by so doing leave Plaintiff in a worse position than when the Defendants took charge of him. Rest. 2nd Torts §324;

  f. Duty to exercise reasonable care to perform an undertaking, after they undertook to render services to Plaintiff which they should have recognized as necessary for the protection of Plaintiff's person, and failed and, the failure to exercise such care increased the risk of such harm. Rest.2nd Torts § 323, §324A.

24. The actions of the Individual Police Defendants wantonly and recklessly, in gross negligence, violated the duties to Plaintiff and disregarded Plaintiff's rights.

25. The Individual Police Defendants' actions in acting with gross negligence and denying Plaintiff's rights caused loss of rights and injury to the Plaintiff.

26. The Individual Police Defendants' actions were in wanton, reckless and callous disregard to Plaintiff's rights and to the injury to Plaintiff and were grossly negligent.

27. Under MCL 691.1407, citizens may maintain an action in tort against police officers whose actions constitute gross negligence and state granted immunity does not bar such a claim even when the officer is acting within the scope of his authority.

28. As a direct and proximate result of the Individual Police Defendants' actions, Plaintiff suffered injury and damages including, but not limited to, those set forth in paragraph 21.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants for whatever amount a jury shall determine together with interests, costs, and attorney fees.

### COUNT II
### ASSAULT AND BATTERY, FALSE ARREST, AND TRESPASS

29. Plaintiff hereby re-alleges and incorporates herein by reference all of the prior Paragraphs, as though the same were fully set forth herein word for word.

30. Individual Police Defendants were at all times relevant hereto performing ministerial-operational duties which did not involve significant decision-making, personal deliberation or judgment.

31. The minor decision making involved in Individual Police Defendant's actions at all times relevant hereto were merely incidental to the execution of said Individual Police Defendants' ministerial-operational duties.

32. At all times relevant hereto, Plaintiff had the right under statutes, common law, rules, regulations and/or ordinances of the State of Michigan, to be free from the reckless, knowingly and/or intentionally tortious, willful, wanton, reckless and/or grossly negligent execution of ministerial-operational duties contrary to Michigan law and Michigan Constitution, by Individual Police Defendants.

33. At all times relevant hereto, Individual Police Defendants failed, notwithstanding their standard duty of due care to execute their said ministerial-

operational duties in good faith, without negligence, recklessness, willfulness, wantonness, gross negligence and/or knowingly and/or intentional tortuous conduct, in a manner consistent with Michigan law, as follows, but not limited hereto:

    a.    to act in good faith, while assaulting and battering Plaintiff;

    b.    to act in good faith while handcuffing, detaining and arresting Plaintiff with excessive force;

    c.    to act in good faith, while handcuffing, detaining and arresting Plaintiff without probable cause.

34. Notwithstanding these duties, Individual Police Defendants, knowingly and intentionally while acting under color of law, violated, breached and/or failed to fulfill their ministerial duties to Plaintiff in a manner violative of the Michigan Constitution and laws, by acting in bad faith and engaging in <u>ultra vires</u> conduct.

35. Notwithstanding these duties, Individual Police Defendants knowingly failed to fulfill their ministerial duties while on duty and acting in the course of their employment and/or authority, under color of law and pursuant to customs, policies and/or practices, wrongfully detained and arrested Plaintiff with excessive force and without probable cause in bad faith.

36. Notwithstanding these duties Individual Police Defendants deliberately, recklessly, willfully, wantonly, knowingly and/or intentionally violated, breached and failed to fulfill their ministerial duties to Plaintiff, in bad faith, and in violation of the Michigan laws, including, but not limited to, the following:

  b.  by intentional unlawful offer of corporal injury to Plaintiff by force, or force unlawfully directed toward the person of Plaintiff, under circumstances which created a well-founded apprehension of imminent contact, coupled with the apparent present ability to accomplish the contact;

  c.  by the willful and harmful or offensive touching of Plaintiff which resulted from an act intended to cause such contact;

  e.  by wrongfully arresting and detaining Plaintiff without probable cause.

37. As a direct and a proximate result of Individual Police Defendants' aforesaid reckless, willful, wanton, and knowingly and intentionally tortious violations of the aforesaid ministerial duties, in bad faith and violation of the Michigan laws, the Plaintiff was injured.

38. As a direct and a proximate result of Individual Police Defendants' aforesaid reckless, willful, wanton, and knowingly and intentionally tortious violations of the aforesaid ministerial duties, all done in bad faith, Plaintiff suffered personal injuries, including physical and mental pain and suffering, shock, fright, humiliation, degradation, embarrassment, all past, present and future, and any other damages listed in paragraph 21.

  **WHEREFORE**, Plaintiff claims judgment against Individual Police Defendants in the amount in excess of Seventy-five Thousand Dollars ($75,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39. Plaintiff hereby re-alleges and incorporates herein by reference all of the prior Paragraphs, as though the same were fully set forth herein word for word.

40. At all times relevant hereto Individual Defendants notwithstanding their standard duty of due care, owed to Plaintiff the following duties, among others:

   a. to refrain from inflicting intentional emotional distress on Plaintiff, in bad faith;

   b. to refrain from subjecting Plaintiff to emotional distress through excessive force;

41. Individual Defendants willfully, wantonly, recklessly, knowingly and/or intentionally breached one or more of said duties by, among other things:

   a. recklessly, wantonly and/or intentionally, in bad faith, inflicting emotional distress upon Plaintiff, by detaining and arresting Plaintiff with excessive force;

   b. recklessly, wantonly and/or intentionally, in bad faith, subjecting Plaintiff to injury and pain resulting from excessive force;

   c. recklessly, wantonly, and/or intentionally, in bad faith, treating Plaintiff in an abusive manner.

42. As a direct and a proximate result of said reckless, willful, wanton, knowing and/or intentional misconduct, all done in bad faith, by Individual Defendants, Plaintiff suffered personal injuries, including, physical and mental pain and

suffering, shock, fright, humiliation, degradation, embarrassment, all past, present and future, as well as any other damage listed in paragraph 21.

**WHEREFORE**, the Plaintiff demands judgment against the Individual Defendants for whatever amount a jury shall determine together with interests, costs, and attorney fees.

## COUNT II
## 42 USC 1983 AGAINST INDIVIDUAL DEFENDANTS

43. Plaintiff hereby re-allege and incorporate herein by reference all of the prior Paragraphs, as though the same were fully set forth herein word for word.

44. The Individual Police Officers' actions were done in their individual capacities, and under color of state law.

45. The Individual Police Officers' actions violated clearly established rights of the Plaintiff including but not limited to:

   a. The right to be free from wrongful seizure, and use of excessive force (4th and 14th Amendment);

   d. The right to procedural and substantive due process and fair treatment during search, seizure and/or arrest (4th, 5th and 14th Amendments);

46. As a direct and proximate result of the Individual officers' actions, Plaintiff suffered injury and damages including those set forth in paragraph 21.

**WHEREFORE**, Plaintiff claims judgment against Individual Police Defendants in the amount in excess of Seventy-five Thousand Dollars ($75,000)

12

which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages allowable by law.

### COUNT III:
### MUNICIPAL LIABILITY
### AGAINST DEFENDANT HAMBURG TOWNSHIP
### UNDER 42 USC 1983

47.     The Plaintiff incorporates by reference the allegations set forth in Paragraphs above, as if fully set forth herein.

48.     At all times herein, Defendant Hamburg Township, with deliberate indifference to the constitutional rights of the Plaintiff and other similarly situated individuals, established, promulgated, implemented, and maintained the following customs, policies, or practices that were a proximate cause and a moving force in violations of the Plaintiff's rights under the United States Constitution:

  a. Routinely concealing, covering up, and hiding evidence of wrongdoing by law enforcement officers employed by the Defendant; TOWNSHIP

  b. Failing to adequately train, supervise, and/or discipline law enforcement officers and supervisors with regard to the appropriate and use of force and/or arrest;

  c. Hiring and/or retaining as law enforcement officers and supervisors certain persons whom the Defendant TOWNSHIP knew or had actual notice using excessive force and arresting without probable cause;

  d. Failing to intervene when it knew of excessive force and/or wrongful arrest;

  e. Condoning and actively encouraging the use of processes that failed to properly monitor, evaluate and determine the continuing use of

      excessive force, arrest without probable cause; and

    f. Routinely failing to comply with federal consent decrees and other court orders requiring proper use of force, arrest with probable cause and continuation of prosecution requiring probable cause.

49. Each of the aforementioned customs, policies, or practices was known to Defendant TOWNSHIP as highly likely and probable to cause violations of the United States constitutional rights of Plaintiff and other individuals subject to continued prosecution without probable cause, as a direct and proximate result of the actions taken by the Defendants, as discussed more fully above, the Plaintiff has suffered severe damages, including but not limited to:

    a. Psychological harm, past and future;

    b. Degradation, humiliation, embarrassment, indignation, outrage, shame, fear, anxiety;

    c. Pain and suffering due to physical injury;

    d. Attorney fees and costs allowable under 42 USC 1988.

## JURY DEMAND

**NOW COMES** the Plaintiff and demands trial of his cause by jury.

                                      Respectfully submitted,

                                      /s/ TYRON S. RUCKER
                                      **TYRON S. RUCKER (P61867)**
                                      RUCKER AND ASSOCIATES, P.C.
                                      Attorneys for Plaintiff

Dated:  July 17, 2019