# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: November 03, 2022

Mr. Artur Zawada
380 John Street
Apartment 1548B
Rochester, NY 14623

Re:  Case No. 21-2932, *Artur Zawada v. Patrick Hogan, et al*
Originating Case No. : 4:19-cv-12103

Dear Mr. Zawada,

The Court issued the enclosed Order today in this case.  Judgment to follow.

Sincerely yours,

s/Roy G. Ford
Case Manager
Direct Dial No. 513-564-7016

cc:  Ms. Holly Stockton Battersby
Ms. Kinikia D. Essix

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR PUBLICATION**

No. 21-2932

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 3, 2022
DEBORAH S. HUNT, Clerk

ARTUR ZAWADA,

    Plaintiff-Appellant,

v.

POLICE OFFICER PATRICK HOGAN, et al.,

    Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

O R D E R

Before: BATCHELDER, GIBBONS, and THAPAR, Circuit Judges.

Artur Zawada, a pro se Michigan resident, appeals the district court's order granting summary judgment in favor of the defendants in his civil rights action brought pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In 2019, Zawada, then represented by counsel, filed his complaint against Police Officer Patrick Hogan, Sergeant Gary Harpe, Sergeant Megan Paul, and Hamburg Township, Michigan. His claims center around his arrest by Hogan and Harpe on December 19, 2017, after he decided not to return $1,500 given to him by his supervisor, Frederic Cummins, to purchase automobile parts for Cummins's business. The parts were not ready when Zawada arrived to purchase them, so he returned to his home in Ann Arbor and, later that evening, returned the company truck, keys, and gas receipt, but he kept the $1,500. Cummins then began attempting to contact Zawada to reacquire the money in order to buy the parts, and they exchanged a series of texts, in which Zawada provided a series of reasons why he could not return the money. Zawada claimed that he was busy meeting a friend, that he was preoccupied with a pending job interview, that he had a

family emergency, and that he needed to go to Poland. Zawada then attempted to negotiate to keep a portion of the $1,500 to cover outstanding pay, but Cummins insisted that Zawada return the full amount and then they would discuss his pay. Cummins went to the Hamburg Township Police Department and reported the theft.

On December 19, 2017, Hogan and Harpe travelled to Zawada's residence in Ann Arbor, which was outside of their territorial jurisdiction, and Zawada confirmed that he had been given the money to buy the parts, but he had not returned either the money or the parts to Cummins and had even used some of the money to pay his personal bills. Hogan and Harpe therefore arrested Zawada, and he was charged with felony embezzlement and conversion in Livingston County. Zawada was also charged and again arrested by Hogan on January 30, 2018, for resisting and obstructing an arrest warrant in Washtenaw County, where the December 19, 2017, arrest took place. The Livingston County court found that there was probable cause for the embezzlement and conversion charges, and Zawada ultimately pleaded no contest to neglecting or refusing to aid a sheriff's deputy. The resisting and obstructing charges were eventually dismissed.

Based on these facts, Zawada claimed that the individual defendants wrongfully seized him, used excessive force, and violated his procedural and substantive due process rights, and he alleged that Hamburg Township had customs, policies, or practices that led to these violations of his rights. He also raised state-law claims for gross negligence, assault and battery, false arrest, trespass, and intentional infliction of emotional distress, but the district court declined to exercise supplemental jurisdiction over the state-law claims, which it dismissed without prejudice. *See* 28 U.S.C. § 1367(c). The defendants moved for summary judgment, which the district court granted, holding that the defendants were entitled to qualified immunity. The district court also ruled that Zawada waived his due-process and municipal-liability claims at the summary judgment hearing.

On appeal, Zawada argues that his arrest was unlawful because Hogan and Harpe arrested him outside of their jurisdictional territory and should not be allowed to rely on Michigan's citizen's arrest statute, Michigan Compiled Laws § 764.16. He also argues that he had a right to retain the money given to him to buy the parts while he negotiated with Cummins for his pay. He also seeks to argue for the first time that the defendants violated his First Amendment right to free

speech, his Sixth Amendment rights to a lawyer and speedy trial, his Seventh Amendment right to a jury trial in a civil case, and his Eighth Amendment right to be free from cruel and unusual punishment. We will not consider these arguments raised for the first time on appeal. *See United States v. Kennedy*, 714 F.3d 951, 959 (6th Cir. 2013) (citing *United States v. Ellison*, 462 F.3d 557, 560 (6th Cir. 2006)). Zawada does not challenge the district court's waiver determination concerning his due-process and municipal-liability claims, and those claims are thus abandoned on appeal. *See Geboy v. Brigano*, 489 F.3d 752, 767 (6th Cir. 2007).

We review a district court's grant of summary judgment de novo. *Huckaby v. Priest*, 636 F.3d 211, 216 (6th Cir. 2011). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In resolving summary judgment motions, courts view the evidence in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To state a claim under § 1983, a plaintiff must establish the deprivation of a right secured by the Constitution or laws of the United States caused by a person acting under the color of state law. *See Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006).

Qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Whether a defendant is entitled to qualified immunity involves a two-part inquiry: (1) whether the constitutional right involved was clearly established; and (2) whether the defendant violated the constitutional right. *Id*. The determination of whether a right is clearly established "must be undertaken 'in light of the specific context of the case, not as a broad general proposition.'" *Estate of Hill v. Miracle*, 853 F.3d 306, 316 (6th Cir. 2017) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). The relevant question is whether "the state of the law [at the time of the action giving rise to the claim] gave respondents fair warning that their alleged treatment of [the plaintiff] was unconstitutional." *Baynes v. Cleland*, 799 F.3d 600, 610 (6th Cir. 2015) (quoting *Hope v. Pelzer*,

536 U.S. 730, 741 (2002)).  Once asserted, the plaintiff has the burden to show that the defendant is not entitled to qualified immunity.  *See v. City of Elyria*, 502 F.3d 484, 491 (6th Cir. 2007).

Constitutionality of Arrests

Zawada challenged the lawfulness of his arrests under the Fourth Amendment.  First, he argues on appeal that his arrest was unlawful because it occurred outside of the territorial jurisdiction of the Hamburg Township Police Department.  But Michigan Compiled Laws § 764.16(b) allows any private citizen to make an arrest if the person to be arrested has committed a felony, and the Michigan Court of Appeals has acknowledged that this statute extends to police officers.  *See People v. Davis*, 350 N.W.2d 796, 800 (Mich. Ct. App. 1984) (per curiam) (noting that police officers in Michigan acting outside their jurisdiction have the authority to make an arrest given probable cause); *People v. Bashans*, 265 N.W.2d 170, 175 (Mich. Ct. App. 1978).  The audio of the police dashcam video reveals that Zawada admitted to the officers that he did not return the money given to him to purchase auto parts for the business and spent some of it for his personal use, and the officers were thus authorized under § 764.16(b) to arrest Zawada for embezzlement, even if he was not ultimately convicted of the felony-level offense.  *See* Mich. Comp. Laws § 750.174(1), (4)(a); *Bright v. Ailshie*, 641 N.W.2d 587, 590 n.3 (Mich. 2002).

Zawada also argues that he was arrested without probable cause.  *See Voyticky v. Village of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005).  Probable cause exists when the "facts and circumstances [are] sufficient to lead an ordinarily prudent person to believe the accused was guilty of the crime charged."  *Webb v. United States*, 789 F.3d 647, 660 (6th Cir. 2015) (quoting *MacDermid v. Discover Fin. Servs.*, 342 F. App'x 138, 146 (6th Cir. 2009)).

The undisputed evidence shows that Hogan and Harpe had probable cause to arrest Zawada on December 19, 2017.  Prior to the arrest, Cummins went to the Hamburg Township Police Department and informed Hogan that he had given Zawada $1,500 to purchase automobile parts for the business and that Zawada did not purchase the parts or return the money.  This report was corroborated by the text messages exchanged between Cummins and Zawada.  When Hogan and Harpe spoke with Zawada, he confirmed that he had been given the $1,500 to purchase car parts and that he did not purchase the car parts or return the money to Cummins.  According to the audio

of the police dashcam video, he also stated that he had already spent some of the money on his own personal bills and did not have the rest of the money with him. There is thus no material dispute of fact that Hogan and Harpe had probable cause to arrest Zawada for embezzlement. *See* Mich. Comp. Laws § 750.174(1), (4)(a).

Moreover, the probable-cause dispute was already adjudicated in Zawada's criminal proceedings, where the trial court found that the officers had probable cause to conduct the arrest. He is therefore precluded from challenging probable cause in this proceeding. *See Donavan v. Thames*, 105 F.3d 291, 298 (6th Cir. 1997); *see also Watermark Senior Living Ret. Cmtys., Inc. v. Morrison Mgmt. Specialists, Inc.*, 905 F.3d 421, 426 (6th Cir. 2018) (laying out the elements for issue preclusion in Michigan). And Zawada ultimately pleaded no contest to neglecting or refusing to aid a sheriff, in violation of Michigan Compiled Laws § 750.483, for failing to return the money, which precludes Zawada from challenging probable cause. *See Walker v. Schaeffer*, 854 F.2d 138, 142-43 (6th Cir. 1988). Zawada also claims that his second arrest on January 30, 2018, on the outstanding warrant for resisting and obstructing an arrest was illegal, but he provides no basis for this conclusion other than that the charges were later dropped. Because there is no material dispute of fact over whether the arrest violated Zawada's Fourth Amendment rights, Hogan and Harpe are entitled to qualified immunity.

Zawada also sought to hold Paul responsible for reviewing and approving the police report regarding his arrest and for failing to terminate his detainment. Paul did not personally participate in Zawada's arrest, however, and she cannot be sued under § 1983 under a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

Excessive Force

The defendants argue that Zawada failed to appeal the dismissal of his excessive-force claim concerning his December 19, 2017, arrest. Although Zawada's brief is disorganized, when liberally construed it contains sufficient references to his excessive-force claim to conclude that it was not waived.

Claims of excessive force during an arrest are analyzed under the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 392 (1989). This inquiry "requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Id.* at 396 (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)). Reasonableness is "judged from the perspective of a reasonable officer on the scene." *Id*. When considering the appropriate application of force, we consider the circumstances of the case, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*.

In his complaint, Zawada asserted that he "objected to . . . [the] unlawful arrest, which resulted in Defendants violently throwing Plaintiff to the ground in his living room." He also claimed that he complained that the handcuffs were too tight, but Hogan and Harpe ignored the complaints. Zawada submitted no evidence to support his claim that the officers' use of force was excessive, however. Instead, in his deposition he acknowledged that he "refused to be arrested," that the officers repeatedly yelled at him to stop resisting, and that he was trying to reach for his phone while the officers were trying to put his hands behind his back to handcuff him. The dashcam video further reveals that Zawada was not in physical distress after the arrest and, on the trip to the police station, did not complain of any injuries or complain that his handcuffs were too tight. In his response to the defendants' summary judgment motion, Zawada argued that the use of *any* force to arrest him was excessive because Hogan and Harpe lacked probable cause. But as discussed above, Zawada's arrest was supported by probable cause, and this argument lacks merit. In the absence of any evidence that the officers used excessive force, the district court did not err by finding that Hogan and Harpe were entitled to qualified immunity and granting summary judgment on this claim.

No. 21-2932
- 7 -

For the reasons discussed above, we **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk